IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WALSTON MOTORSPORTS, LLC
WALSTON MOTORSPORTS & OUTDOORS
700 East Main Street, Suite 2
Lebanon, Kentucky 40033,

        Petitioner,

v.                                                Case No. 3:23CV-181-RGJ

ADAM P. ROGERS
Director of Industry Operations
Louisville Field Division
Bureau of Alcohol, Tobacco, Firearms & Explosives
600 Dr. Martin Luther King, Jr. Place, Suite 500
Louisville, Kentucky 40202,

        Respondent.

## PETITION FOR JUDICIAL REVIEW

Petitioner, Walston Motorsports, LLC doing business as Walston Motorsports & Outdoors, by counsel, files its Petition for Judicial Review of a Final Notice of Denial of Application, Revocation Suspension, and/or fine of Firearms License, dated February 8, 2023, and states:

1.     This is a petition for *de novo* judicial review of the ATF's revocation of the Petitioner's Federal Firearms License ("FFL"). This action is timely under 18 USC § 923(f)(3) and related regulations.

## PARTIES

2.     Walston Motorsports, LLC, doing business as Walston Motorsports & Outdoors ("Walston Motorsports") at 709 East Main Street, Lebanon, Kentucky 40033 (Licensee), holds

Federal firearms license number 4-61-155-01-5E-08344, as a Dealer in Firearms Other Than Destructive Devices. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) issued the license under the Gun Control Act of 1968 (GCA), as amended, 18 USC Chapter 44, and the regulations issued under 27 CFR Part 478. ATF first issued a Federal firearms license to Licensee in 2019.

3. David Patrick Walston, Nicholas Wayne Walston and Joseph Cody Hamilton serve as responsible persons on the current Federal firearms license. David Patrick Walston and Nicholas Wayne Walston are brothers.

4. Respondent Adam Rogers ("DIO Rogers") is the Director of Industry Operations ("DIO") of the Louisville Field Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and is sued in his official capacity as DIO. Accordingly, Walston Motorsports is within the jurisdiction of the Louisville Field Division, and DIO Rogers has authority over issuing and revoking licenses for that Division.

## JURISDICTION AND VENUE

4. 28 USC § 1331 authorizes this Court to hear this action, as it arises under the Constitution and the laws of the United States, including 18 USC § 923(f)(3) and its related regulations.

5. Venue is proper in the United States District Court for the Eastern District of Kentucky, Louisville Division, because Walston Motorsports has its principal place of business in Lebanon, Kentucky.

## BACKGROUND FACTS

6. On March 28, 2022, ATF began a compliance inspection at Licensee's premises. On October 24, 2022, as a result of that inspection, ATF issued a Notice to Revoke or Suspend

the License and/ or Impose a Civil Fine, ATF Form 4500 (Notice of Revocation), to the Licensee. By an email dated October 31, 2022, Licensee timely requested a hearing about the Notice of Revocation.

7. The hearing was held on December 7, 2022, at the ATF Field Division in Louisville, Kentucky. DIO Adam Rogers conducted the hearing. ATF Attorney Anthony Pottinger represented the Government. Additionally, ATF Industry Operations Investigator (IOI) Kevin Shartzer appeared as a witness on behalf of the Government.

8. Attorney Adam Bleile represented the Licensee. Licensee's owner and responsible person, David Patrick Walston, appeared as a witness on behalf of the Licensee. David Patrick Walston prefers to be addressed by his middle name, Patrick. The Government recorded and transcribed the hearing through a court reporter service.

9. Both sides offered testimony and exhibits, including exhibits that the DIO accepted from Licensee following the hearing date. The testimony, transcript, and exhibits are the complete administrative record in this proceeding.

11. The government introduced evidence that before issuing a Federal firearms license to Licensee in 2019, ATF conducted an application inspection with Licensee. At that time, ATF reviewed relevant Federal firearms laws with Licensee. Covered items included requirements about prohibited sales and deliveries, National Instant Criminal Background Check System (NICS) rules, multiple sales reporting requirements and ATF Form 4473.

12. The government's evidence also included as an exhibit the Licensee's signed Acknowledgement of the Federal Firearms Regulations form dated March 19, 2019, indicating that ATF explained the information on the form related to the firearms law and regulations. The Licensee's signature also acknowledged a statement on the regulations form that the information

ATF reviewed with the licensee "is only a general overview of the regulations and that I will be responsible for familiarizing myself with all the laws and regulations governing my licensed business."

13. The March 2022 compliance inspection resulted in a Report of Violations, which identified 12 regulatory violations, including multiple transfers of a firearm to an unlicensed person under the GCA without complying with the applicable NICS procedures, in violation of 27 CFR § 478.102(a); multiple failures to complete and submit multiple sales forms, in violation of 27 CFR § 478.126a; multiple failures to properly complete ATF Form 4473, in violation of 27 CFR §§ 478.124 and 478.131; and aiding and abetting two non-licensees, specifically, responsible persons Nicholas Walston and Joseph Hamilton, to engage in the business of dealing firearms without a Federal firearms license, in violation of 18 USC §§ 2 and 922(a)(1)(A).

14. Seven of the regulatory violations in the Report of Violations were included in the October 24, 2022 Notice of Revocation issued to Licensee.

15. Following the hearing, DIO Rogers made many "Findings of Facts" and "Conclusions of Law."

16. Specifically, DIO Rogers found that Walston Motorsports willfully committed record-keeping and physical firearm transfer violations.

17. Walston Motorsports, by counsel, submitted a Request for Stay of Revocation of the License to pursue judicial review. DIO Rogers summarily denied Walston Motorsports' request, effectively prohibiting Mr. Walston from even attempting an orderly shutdown of operations and/or the ability to satisfy the company's contractual obligations.

18. Walston Motorsports requests this Court issue a Stay of Revocation during this Court's Judicial Review.

19. If the Court grants a Stay, Mr. Walston will continue to make affirmative efforts to correct all record-keeping errors and implement preventive measures to prevent regression.

20. Never has the ATF found Walston Motorsports or Ms. Walston to be engaged in nefarious practices or to be a threat to public safety or national security. On the contrary, Mr. Walston's intentions are quite the opposite- to provide/sell firearms to individuals legally allowed to obtain and possess them at a reasonable cost, consistent with the Constitution.

## COUNT ONE

21. Petitioner incorporates Paragraphs 1-20 herein by reference.

22. In Violation 1, DIO Rodgers found six times, Licensee knowingly and willfully transferred a firearm to a person not licensed under the GCA after violating the procedures applicable to conducting a NICS check, in violation of 18 USC § 922(t)(1) and 27 CFR § 478.102(a).

23. The ATF revoked Walston's Federal Firearms License without permission.

24. 18 USC § 922 lets the Attorney General revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation…under this chapter."

25. Mr. Walston, a Responsible Person on Walston Motorsports' behalf, did not willfully violate 18 USC § 9229(t) or 27 CFR § 478.102(a).

26. Mr. Walston introduced evidence refuting the willfulness of any statutory or regulatory violations Walston Motorsports committed. In addition, Mr. Walston's conduct did not rise to the level of a willful violation of 18 USC § 923 and/or its related regulations.

## COUNT TWO

27. Petitioner incorporates Paragraphs 1-26 herein by reference.

28. In Violation 2, DIO Rogers found that six times, Licensee willfully did not timely and/or accurately report the sale or other disposition of two or more pistols and/or revolvers during any five consecutive business days to an unlicensed person in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a.

29. The ATF revoked Walston's Federal Firearms License without permission.

30. 18 USC § 922 lets the Attorney General revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation…under this chapter."

31. Mr. Walston, a Responsible Person on Walston Motorsports' behalf, did not willfully violate 18 USC § 9229(t) or 27 CFR § 478.102.

32. Mr. Walston introduced evidence refuting the willfulness of any statutory or regulatory violations Walston Motorsports committed. In addition, Mr. Walston's conduct did not rise to the level of a willful violation of 18 USC § 923 and its related regulations.

## Count Three

33. Petitioner incorporates Paragraphs 1-32 herein by reference.

34. In Violation 3, DIO Rogers found on 15 occasions, Licensee willfully did not obtain a complete and/or correct Firearms Transaction Record, ATF Form 4473, from the transfer.

35. The ATF revoked Walston's Federal Firearms License without permission.

36. 18 USC § 922 lets the Attorney General revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation…under this chapter."

37. Mr. Walston, a Responsible Person on Walston Motorsports' behalf, did not willfully violate 18 USC § 9229(t) or 27 CFR § 478.102.

38. Mr. Walston introduced evidence refuting the willfulness of any statutory or regulatory violations Walston Motorsports committed. In addition, Mr. Walston's conduct did not rise to the level of a willful violation of 18 USC § 923 and its related regulations, as he was aware of the requirements.

### Count Four

39. Petitioner incorporates Paragraphs 1-38 herein by reference.

40. In Violation 4, DIO Rogers found twice, Licensee willfully transferred a firearm to a non-licensee without verifying the identity of the transferee by examining the identification document presented and noting the type on a Firearms Transaction Record, ATF Form 4473, in violation of 18 USC § 923(g)(1)(A) and 27 CFR § 478.124(c)(3)(i).

41. The ATF revoked Walston's Federal Firearms License without permission.

42. 18 USC § 922 lets the Attorney General revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation…under this chapter."

43. Mr. Walston, a Responsible Person on Walston Motorsports' behalf, did not willfully violate 18 USC § 9229(t) or 27 CFR § 478.102.

44. Mr. Walston introduced evidence refuting the willfulness of any statutory or regulatory violations Walston Motorsports committed. In addition, Mr. Walston's conduct did not rise to the level of a willful violation of 18 USC § 923 and its related regulations.

### Count Five

45. Petitioner incorporates Paragraphs 1-44 herein by reference.

46. In Violation 5, DIO Rogers found four times, Licensee willfully transferred a firearm to a non-licensee without recording the date the Licensee contacted NICS, any response provided by the system, and/or any identification number provided by the system information on the Firearms Transaction Record, ATF Form 4473, in violation of 18 USC § 923(g)(1)(A) and 27 CFR § 478.124(c)(3)(iv).

47. The ATF revoked Walston's Federal Firearms License without permission.

48. 18 USC § 922 lets the Attorney General revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation…under this chapter."

49. Mr. Walston, a Responsible Person on Walston Motorsports' behalf, did not willfully violate 18 USC § 9229(t) or 27 CFR § 478.102.

50. Mr. Walston introduced evidence refuting the willfulness of any statutory or regulatory violations Walston Motorsports committed. In addition, Mr. Walston's conduct did not rise to the level of a willful violation of 18 USC § 923 and its related regulations.

### Count Six

51. Petitioner incorporates Paragraphs 1-50 herein by reference.

52. In Violation 6, DIO Rogers found six times, Licensee willfully did not record NICS alternative permit/license information as described in 27 CFR § 478.124(d)(1) on the Firearms Transaction Record, ATF Form 4473 or maintain a copy of the permit/license, in violation of 18 USC § 923(g)(1)(A) and 27 CFR § 478.131(a)(2).

53. The ATF revoked Walston's Federal Firearms License without permission.

54. 18 USC § 922 lets the Attorney General revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation…under this chapter."

55. Mr. Walston, a Responsible Person on Walston Motorsports' behalf, did not willfully violate 18 USC § 9229(t) or 27 CFR § 478.102.

56. Mr. Walston introduced evidence refuting the willfulness of any statutory or regulatory violations Walston Motorsports committed. In addition, Mr. Walston's conduct did not rise to the level of a willful violation of 18 USC § 923 and its related regulations.

**Count Seven**

57. Petitioner incorporates Paragraphs 1-56 herein by reference.

58. In Violation 7, DIO Rogers found Licensee willfully aided and abetted two non-licensees, Nicholas Walston and Joseph Hamilton, to engage in the business of dealing firearms without a Federal firearms license in violation of 18 USC §§ 2 and 922(a)(1)(A).

59. In support of this violation, DIO Rogers concluded that Mr. Walston, a Responsible Person for Licensee, bought about 97 firearms from Licensee between February 25, 2021, and April 29, 2022, to engage in the business of dealing firearms in his personal, unlicensed capacity. Additionally, Mr. Hamilton, also a Responsible Person for Licensee, bought about 86 firearms from Licensee between January 22, 2021, and April 4, 2022, to engage in the business of dealing firearms in his personal, unlicensed capacity.

60. The ATF revoked Walston's Federal Firearms License without permission.

61. 18 USC § 922 lets the Attorney General revoke any Federal Firearms License "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation…under this chapter."

62. Mr. Walston, a Responsible Person on Walston Motorsports' behalf, did not willfully violate 18 USC § 9229(t) or 27 CFR § 478.102.

63. Mr. Walston introduced evidence refuting the willfulness of any statutory or regulatory violations Walston Motorsports committed. In addition, Mr. Walston's conduct did not rise to the level of a willful violation of 18 USC § 923 and its related regulations.

WHEREFORE, Walston Motorsports respectfully requests that this Court:

1. Accept and review the complete record of proceedings related to the license revocation, including DIO Rogers' recommendations;

2. Allow discovery and supplementing of the factual record and legal arguments by Petitioner before conducting a de novo review;

3. Conduct a de novo review and hearing on the underlying facts and DIO Rogers' decision to revoke Walston Motorsports Federal Firearms License and to deny Walston Motorsports/Mr. Walston's request for a Stay of Execution of Revocation;

4. Grant Walston Motorsports/Mr. Walston's request for a Stay of Execution of Revocation for the duration and pendency of this Court's judicial review;

4. Conclude DIO Rogers erred, did not have adequate grounds, and was unauthorized to revoke Walston Motorsports Federal Firearms License;

5. Order the DIO to withdraw the license revocation; and

6. Award such other relief, including costs and attorneys' fees, as this Court deems appropriate.

Dated this 13th date of April 2023.

Respectfully submitted,

/s/ Adam Bleili
Adam Bleili (88628)
Bleili & Dawson
810 Sycamore Street
5th Floor
Cincinnati, Ohio 45202
Adamtheattorney@yahoo.com
Telephone: 513-399-5945
Counsel for Walston Motorsports